BRADLEY COUNTY v. SURGOINE & TIBBS.

COUNTY WARRANTS. *Assignment by delivery. Suit.* For a purchaser of county warrants to maintain suit in his own name, he must be vested with title to same by written endorsement or assignment.

FROM BRADLEY.

Appeal from the Circuit Court. JOHN B. HOYL, Judge.

J. H. GAUT for plaintiff.

A. J. TREWHITT for defendants,

NICHOLSON, C. J., delivered the opinion of the court.

Surgoine & Tibbs being the holders by delivery, without written assignment, of a number of county

warrants issued by the chairman of the county court, drawn on the county trustee and payable to various individuals or their orders. These warrants or orders were transferred by delivery to Surgoine & Tibbs, who sued the county thereon in their own name, setting out the orders as the foundation of the suit and making profert thereof. To this declaration the county demurred—assigning, among causes of demurrer, that the declaration does not aver or show any legal liability of the defendant to the plaintiffs. The demurrer was overruled, and upon a trial the plaintiffs had judgment, from which defendant appealed.

The orders are drawn by the chairman of the court upon the trustee of the county, payable to J. H. Galbreath and various others; the orders are passed to Surgoine & Tibbs by delivery only, and they sue in their own names. No legal title passed by the delivery of the orders without written assignment. The demurrer reached this defect in the title of plaintiffs, and ought to have been sustained. There is no count in the declaration except that based on the warrants or orders. To maintain their suit the plaintiffs should have shown themselves vested with the legal title to the orders by endorsement or assignment of the payees thereof.

For this error the judgment is reversed and the cause remanded.